[No. C. D. 2375.  *En Banc.*  December 15, 1961.]

*In the Matter of the Petition of* NELSON WAYNE DURHAM *for Reinstatement as a Member of the Washington State Bar Association.** 

*T. M. Royce*, for Board of Governors.

*John J. Kennett*, for petitioner.

PER CURIAM.—Nelson Wayne Durham has petitioned this court to be reinstated as a member of the Washington State Bar Association.

*Reported in 367 P. (2d) 126.

The petitioner was disbarred in January of 1953. The reasons for that disciplinary action are set forth in detail in *In re Durham*, 41 Wn. (2d) 609, 251 P. (2d) 169 (1952).

On August 4, 1959, the petitioner filed his petition for reinstatement as a member of the bar. The record of this proceeding arises out of successive hearings before a local administrative committee and the Board of Governors. The board has recommended that the petition be denied for the reason that the petitioner has failed to produce sufficient evidence to establish the following factors: (1) His good conduct during the period of disbarment; (2) his present proficiency in the knowledge of law; (3) his standing in the community before disbarment and the ethical standards he observed in the practice of law; and (4) the likelihood of no recurrence of the ailment which caused his misconduct resulting in his disbarment.

We have carefully reviewed the record and we are convinced that the recommendation of the Board of Governors should be followed. In determining the question of whether an applicant is fit to be reinstated, we take into consideration, among other important factors, the nature and character of the acts for which he was disbarred and the applicant's conduct subsequent to disbarment. *In re Bruener*, 178 Wash. 165, 34 P. (2d) 437 (1934). In the case of *In re Lonergan*, 23 Wn. (2d) 767, 162 P. (2d) 289 (1945), we set forth some of the pertinent questions which one who petitions for reinstatement must answer with convincing evidence:

"A petition for reinstatement is literally a request for the entry of a judgment certifying to the public that the petitioner is worthy of trust and confidence. The judges who are called upon to pass upon such a petition are therefore confronted with a grave responsibility and are interested, above all else, in the answers to such pertinent questions as these: What has been the petitioner's personal conduct and mode of life since retirement from the bar? Has he in the meantime conducted whatever activity he has engaged in with honesty and fairness? Are his clients, customers, or employers, as the case may be, willing to certify to his honesty, and that he is worthy of trust and confidence? . . ."

■ The petitioner left the state of Washington shortly before his disbarment and remained away for more than five years before returning to this state in 1957. In this proceeding, he has not provided this court with detailed information necessary to show his personal conduct and mode of life during this substantial period of time. As we clearly stated in *In re Lonergan, supra,* we will not take it upon ourselves to institute inquiries as to the particulars of a petitioner's conduct during a period of disbarment.

Furthermore, the record discloses insufficient medical evidence as to the history of the petitioner's ailment during much of the disbarment period and as to whether or not there is likelihood of recurrence of the illness.

As these insufficiencies in the record established by the petitioner require us to deny the petition, it is unnecessary to pass upon the other enumerated reasons assigned by the Board of Governors to support its recommendation.

The petition for reinstatement is denied.

FOSTER, J. did not participate.